IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

CASE NO:

CARL SOTO and NIDIA SOTO

 Plaintiffs,

   v.

TLR PROPERTY MANAGEMENT, INC.,
SIMON GLOVER and THE RIVER POINTE
APARTMENTS LLC,

 Defendants.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiffs, CARL SOTO and NIDIA SOTO, ("Plaintiffs"), by and through their undersigned counsel, and sue the Defendants, TLR PROPERTY MANAGEMENT, INC., SIMON GLOVER, & RIVER POINTE APARTMENTS LLC, ("Defendants"), and for their causes of action, state the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiffs CARL SOTO and NIDIA SOTO currently rent and reside at 4702 Puritan Road, Apt. B, Tampa, Florida 33617, and are otherwise *sui juris*.

4.  Plaintiff NIDIA SOTO was at all times material, and continues to be a person with a disability, as defined by 42 U.S.C. § 3062, as she suffers from severe scoliosis, a deformity of the spine. As a result of this disability, she has a substantial limitation in her mobility including her ability to walk extendedly and walk freely. Mrs. Soto must use a walker to walk in any capacity.

5.  In addition, Plaintiff NIDIA SOTO is substantially limited in a major life activity solely by virtue of the substantial impairment of her mobility from a scoliosis and therefore has a disability as defined by law.

6.  These conditions substantially affect the living activities of Mrs. Soto, including, but not limited to significantly impairing her mobility.

7.  Plaintiff CARL SOTO is an aggrieved person who is associated with his wife, NIDIA SOTO, who is a qualified person with disability.

8.  The Defendant, TLR PROPERTY MANAGEMENT, INC. (hereinafter "TLR") is a "person" under 42 U.S.C. § 3602, and § 760.22, Fla. Stat., a real-estate group, licensed to and doing business in Hillsborough County Florida.

9.  The Defendant, SIMON GLOVER (hereinafter "GLOVER"), is a person under 42 U.S.C. § 3602, and § 760.22, Fla. Stat., and is an employee of TLR and the property manager of RIVERPOINTE APARTMENTS, was in a position to, and did, discriminate against plaintiffs, and otherwise is a resident of Florida and is *sui juris*. At all times relevant, GLOVER was acting within the scope of his employment.

10. THE RIVER POINTE APARTMENTS LLC, is a "person" under 42 U.S.C. § 3602, and § 760.22, Fla. Stat., owned by defendant TLR and is one of their real-estate properties licensed to do business and located in Tampa, Florida that owns and operates THE RIVER POINTE APARTMENTS.

11.     These DEFENDANTS were personally involved in each and every discriminatory act mentioned *infra* and enforced the discriminatory denial of accommodations to the Plaintiffs with actual knowledge or with reckless disregard of the illegality of such acts.

## **GENERAL ALLEGATIONS**

12.     TLR operates an apartment complex called THE RIVER POINTE APARTMENTS.

13.     For the last 2 years CARL SOTO and his wife NIDIA SOTO have lived at 4702 Puritan Road, Apt. B, Tampa, Florida 33617 located in THE RIVER POINTE APARTMENT complex, and have made several requests for a handicap parking accommodations. Without accommodations, Plaintiffs are forced to find parking anywhere possible and sometimes end up almost a substantial distance away from their actual home. This excessive walking severely impacts NIDIA SOTO and exacerbates her disability.

14.     Initially the leasing office staff instructed CARL SOTO that if he had certain forms filled out by NIDIA SOTO's primary care physician that they would issue him the spot.

15.     After submitting these forms and providing vehicle information and registration the staff would not respond to emails and would always ask Mr. Soto to return at a different time when he would try to come speak in person.

16.     On October 19, 2020, CARL SOTO again tried to go to the leasing office to confirm he was parking in a rightfully designated spot. After having Mr. Soto sit and wait 10 minutes, a staff member told Mr. Soto the manager was in a meeting but that they had no problem with the spot and would contact him soon.

17.     Almost a week later, on October 24, 2020, Plaintiffs' car was towed overnight without any notice and the following day a sign was placed in the area saying there was no parking allowed there.

18. On July 1, 2021, THE RIVER POINTE APARTMENTS came under new management, by the TLR PROPERTY MANAGEMENT, INC..

19. Plaintiffs met with the new management the first week they started and informed them of their need for a parking spot and the battles they have faced the last two years to get one.

20. After meeting with the new management of THE RIVER POINTE APARTMENTS, Plaintiffs were told they would have their handicap spot created within three days.

21. Plaintiffs were informed by the towing group employed by TLR that in order for any handicap parking to be allowed or enforced THE RIVER POINTE APARTMENTS LLC would have to purchase the signs and necessary materials.

22. On January 5, 2022, after several letters and visits to the leasing office, CARL SOTO was told by the property manager SIMON GLOVER that they would not be providing a handicapped parking spot for Plaintiffs, as that was not a priority for the TLR PROPERTY MANAGEMENT, INC. and they cared about other things they felt were more important than providing a space for their disabled tenant.

23. As a result of this discrimination and retaliation, NIDIA SOTO has restricted her activities and chooses not to leave her home when she would otherwise have enjoyed her day-to-day activities.

24. As a result of this harassment and discrimination, Plaintiffs have actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses in the future.

25. As a Manager, SIMON GLOVER, should have been trained as part of his position to understand the provisions of the Fair Housing Act.

## COUNT 1 – FAILURE TO MAKE REASONABLE ACCOMMODATIONS FOR A PERSON WITH A DISABILITY PERSON WITH A DISABILITY
### (42 U.S.C. § 3604(f)(3), § 760.23(8), Fla. Stat.)

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though set forth herein.

27. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

28. A closer, accessible parking spot for a person with a mobility impairment is the regulatory example of a reasonable accommodation under the Fair Housing Act. 24 C.F.R. § 100.204 – example 2.

29. Defendants' failure to assign a parking spot pursuant to the requests of Plaintiffs CARL SOTO and NIDIA SOTO to accommodate the disability of NIDIA SOTO is discriminatory and unlawful.

30. Such actions by Defendants were in total and reckless disregard of Plaintiff NIDIA SOTO'S rights and indifferent to her medical conditions or needs, and the rights of CARL SOTO as an aggrieved person.

31. As a result of this discrimination, Plaintiffs have actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiffs will suffer these losses in the future.

**WHEREFORE,** Plaintiffs, CARL SOTO and NIDIA SOTO demand judgment against Defendants, TLR PROPERTY MANAGEMENT, INC., SIMON GLOVER, & RIVER POINTE APARTMENTS LLC, to ensure that discrimination in violation of the Fair Housing Acts do not

occur in the future. To enjoin Defendants from discriminating against Plaintiffs herein, and preventing discrimination to other persons based upon disability in the future as follows:

    a.    That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities;

    b.    That the Court enjoin Defendants from discriminating against Plaintiffs or any other person, because of because of their disability and immediately order the Defendants to provide a handicap parking spot at a spot as close as possible to plaintiffs so they may enjoy ingress and egress from their home;

    c.    That the Court enjoin Defendant THE RIVER POINTE APARTMENTS LLC to establish objective policies and procedures to permit an accommodation for a person with a disability;

    d.    That the Court enjoin Defendant TLR PROPERTY MANAGEMENT, INC. to ensure that each and every residential property managed by Defendant TLR PROPERTY MANAGEMENT, INC. ensure that objective policies and procedures are available and enforced that permit an accommodation for a person with a disability;

    e.    An award of appropriate compensatory and punitive damages to Plaintiffs, CARL SOTO and NIDIA SOTO, against Defendants to compensate them for their actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

    f.    That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiffs' civil rights under law;

    g.    Order Defendants to provide a notice to all owners and tenants of THE RIVER POINTE APARTMENTS their rights under the Fair Housing Act, including their right to have accommodations or modifications if they have a disability;

      h.      Order Defendant TLR PROPERTY MANAGEMENT, INC. to provide notices to all residents of all properties in which they manage of rights under the Fair Housing Act;

      i.      Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

      j.      Order that the Defendants shall maintain for inspection by Plaintiffs and all other tenants or owners at its condominium offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

      k.      Find that Plaintiffs are entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

      l.      And grant any other such relief as this Court deems just and equitable.

**THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**
**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a jury trial for all issues so triable.

Dated this 24th day of February 2022.

                Respectfully submitted,

                <u>*/s/ J. Courtney Cunningham*</u>
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, FL 33156

T:  305-351-2014
cc@cunninghampllc.com